### COMMONWEALTH *vs.* MICHAEL HOGAN.

At the trial of a complaint for an unlawful sale of intoxicating liquor, evidence that the defendant's wife was on the premises where the liquor was sold is admissible to show that they were under the defendant's control.

At the trial of a criminal case, upon appeal from a justice of the peace, the judge instructed the jury that the defendant could only be convicted of the same offence of which he had been convicted before the justice, and that the jury would convict if it did not appear that the evidence before them was of a different offence; and refused to rule that the burden of proof was on the government to show the identity of the offence. *Held*, that the defendant had no ground of exception.

COMPLAINT on *St.* 1855, *c.* 215, § 15, to a justice of the peace, for unlawful sales of intoxicating liquor.

At the trial in the court of common pleas, before *Mellen*, C. J., the Commonwealth, to show that the defendant had control of the premises where the liquor was alleged to have been sold, called a witness to show that once, when he was there, he saw the defendant's wife come in from another part of the premises. The defendant objected to the admission of the evidence; but the presiding judge admitted it.

The defendant requested the court to instruct the jury " that the defendant could not be convicted, unless it was shown that the evidence offered here was to the same offences that were testified to and of which the defendant had been convicted in the court below; and that the burden of proof was upon the government to show this identity." But the judge refused these instructions; and ruled " that the defendant could only be convicted of the same offences of which he had been convicted in the court below; and that the jury could convict, if it did not appear that the evidence offered here was to different offences from those testified to in the court below." The defendant was convicted and alleged exceptions.

*B. F. Ham*, for the defendant, upon the instructions of the judge, cited *Commonwealth* v. *Blood*, 4 Gray, 31 ; *Commonwealth* v. *McKie*, 1 Gray, 61.

*S. H. Phillips*, (Attorney General,) for the Commonwealth

THOMAS, J.  1.  The objection to the testimony as to the presence of the defendant's wife upon the premises is one to its weight and not to its competency.  It had some tendency to show that the husband was in the occupation and control of the place.

2.  The party is to be tried and convicted of the same offences in the courts below and above.  But the evidence in the court of common pleas tending to prove the commission of the. offences as charged in the complaint, and there being nothing to show that evidence of the commission of any other offences was given before the magistrate, the jury may well presume that things were done rightly.  Certainly in the absence of proof they are not to presume that the defendant has committed other offences, and that evidence of such other offences was given before the magistrate.       *Exceptions overruled.*